UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61386-CIV-COHN/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,
v.

JOSE FORTUNO,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff United States of America's Motion for Summary Judgment [DE 17] ("Motion").  The Court has considered the Motion, the accompanying Memorandum [DE 17-1], the attached exhibits [DE's 17-2, 17-3, 17-4, 17-5], and the record in this case, and is otherwise fully advised in the premises.  Defendant Jose Fortuno has failed to respond to the Motion for Summary Judgment and the Court's Order to Show Cause [DE 22], and the time for responding has passed.

### I. BACKGROUND

On September 27, 2006, Defendant executed a promissory note [DE 17-2] to secure a Direct Consolidation loan from the U.S. Department of Education.  The loan was disbursed for $33,381.36 on November 3, 2006 and $35,360.26 on November 3, 2006, at 7.50% interest *per annum*.  See Certificate of Indebtedness [DE 17-3].  The Department of Education demanded payment according to the terms of the promissory note, but Defendant defaulted on the obligation on September 10, 2007.  Id.  The Department of Education has credited $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance.  See id.; Mem. at 2.

On February 9, 2011, the U.S. Department of Justice mailed Defendant a letter [DE 17-4] advising that his account had been referred for legal action to collect the debt. Thereafter, on February 17, 2011, Plaintiff's counsel's office mailed Defendant a demand letter. Mem. at 2. Finally, on June 21, 2011, counsel filed this action to collect the debt. See Complaint [DE 1].

On or about November 23, 2011, Defendant sent Plaintiff his Answer [DE 13 at 4]. In the Answer, Defendant admitted his debt but explained that he was having financial difficulties and would like to start a payment plan. Id. However, in the Memorandum accompanying Plaintiff's Motion for Summary Judgment, Plaintiff's counsel states that his office "attempted to contact the Defendant to work[ out] a payment plan but the Defendant has failed to respond to the Plaintiff." Mem. at 2, 5. As Plaintiff notes, "Defendant has not come forward with any evidence that the debt is not due and owing, that he has already paid the debt, or that the amount sought by the Plaintiff is incorrect." Mem. at 3.

On December 27, 2011, Plaintiff filed its Motion for Summary Judgment. Plaintiff seeks a final judgment including $68,741.62 in unpaid principal, $26,443.52 in unpaid interest through December 21, 2011, interest at the rate of 7.50% per annum on the unpaid principal to the date of the judgment, reasonable attorney's fees, and $142.00 in process service fees. Despite the opportunity to respond to the Motion for Summary Judgment and despite the Court's Order to Show Cause why the Motion for Summary Judgment should not be granted, Defendant has failed to file a response. For the reasons discussed below, the Court will grant Plaintiff's Motion for Summary Judgment and enter the requested judgment.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 56(a), the Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To discharge this burden, the movant must show that "there is an absence of evidence to support the non-moving party's case." Id. at 325.

After the movant has met its burden, the burden of production shifts to the non-moving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

At the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Here, Plaintiff has submitted a Motion, Memorandum, and supporting exhibits showing that there are no disputed issues of material fact, and that Plaintiff is entitled to judgment as a matter of law.  Defendant's financial difficulties and desire to work out a payment plan do not constitute a defense, especially where he has failed to cooperate with Plaintiff to implement a payment plan.  Defendant has pointed to no provisions of the promissory note that excuse performance based on financial difficulties.  Accordingly, the Court will enter summary judgment in Plaintiff's favor.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff United States of America's Motion for Summary Judgment [DE 17] is **GRANTED**.  Consistent with this ruling, the Court will enter a separate final judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 2nd day of February, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* party via regular CM/ECF mail